**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALERIE ROGAN, a single woman, as her separate estate doing business as Hart's Day Care,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>DEPARTMENT OF SOCIAL & HEALTH SERVICES, STATE OF WASHINGTON an Agency of the State of Washington; STATE OF WASHINGTON DEPARTMENT OF EARLY LEARNING, formerly known as State of Washington, Division of Child Care and Early Learning (DCCEL); PATRICIA ESLAVA VESSEY, Licensing Supervisor; HARRIETT MARTIN, DCCEL Licensor; SANDRA DURON, CPS Investigator; MARY ROACH, DCCEL Licensor,<br><br>          Defendants - Appellees. | No. 09-35516<br><br>D.C. No. 2:08-cv-00794-RAJ<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 9, 2010[]
Seattle, Washington

Before: TASHIMA, FISHER and BERZON, Circuit Judges.

Valerie Rogan appeals the district court's summary judgment for defendants.

1. Rogan's amended brief is accepted, and appellees' motion to strike Rogan's original brief is denied as moot.

2. Rogan does not dispute that Patricia Eslava Vessey is entitled to absolute immunity to the extent that the claims against her are based on her decision to initiate license revocation proceedings. *See Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir. 2003) (en banc). Rogan's suggestion that Eslava Vessey participated in, or even knew about, the misdating of letters finds no support in the record.

3. To the extent Rogan's due process claims against Harriett Martin are premised on the deliberate fabrication of evidence, there was no evidence that Martin misled the relevant decisionmakers. In any event, due process did not require that Rogan be given an opportunity to contest the findings at the time they were made because she had not yet been deprived of property. Despite the delayed notice, due process was satisfied when Rogan was able to contest the findings at her administrative hearing. Because Rogan has not stated a constitutional claim,

---

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

the district court properly dismissed her case.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).

**AFFIRMED.**